Case 4:17-cv-01898   Document 51   Filed on 10/19/17 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 19, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBE OLSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-CV-01898 |
| | § | |
| FARMERS WORLD LIFE | § | |
| INSURANCE COMPANY and | § | |
| FARMERS GROUP, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint **(Instrument No. 17)**. The Court has stayed Plaintiff's Motion to Certify Class, **(Instrument No. 33)**, pending the Court's ruling on Defendants' Motion to Dismiss. (Instrument No. 50).

### I.

Plaintiff Debe Olson ("Plaintiff") owns a life insurance policy sold by Farmers New World Life Insurance Company and Farmers Group, Inc. ("Defendants"). (Instrument No. 14 at 3-4). In her Second Amended Complaint, Plaintiff brings claims individually and as a class representative against Defendants for violations of the California Unfair Competition Law, the Texas Deceptive Trade Practices Act, and the Texas and California Insurance Codes. *Id.* at 9-14. Plaintiff alleges that from 1993 until 1996, Defendants engaged in an "undisclosed interest taking" scheme that lowered the interest rates of policies owned by Plaintiff and similar policyholders to offer higher interest rates to new purchasers of a different policy. *Id.* at 4-5.

Plaintiff further asserts that Defendants' policies effectuated an "undisclosed transfer of investment risk" to Plaintiff and other policyholders. *Id.* at 5.

Defendants move for dismissal of Plaintiff's claims, arguing that the claims are barred by the statute of limitations and no tolling applies. (Instruments No. 17 at 7; No. 22 at 5). Defendants further argue that even if tolling of the statute of limitations applied, more than five years have passed during which there was no tolling, and Defendants' alleged scheme is not of a continuing nature. (Instruments No. 17 at 9-10; No. 22 at 5). Defendants further assert that comity with a previously filed putative class action in California state court warrants dismissal of Plaintiff's cause of action. *Id.* at 10. Furthermore, Defendants contend that Plaintiff's complaint fails to state a claim for violations of the insurance policies. *Id.* at 10-11.

Plaintiff responds that she is a new class representative who was not a party previously and she asserts different claims than those asserted in the previous cases. (Instrument No. 19 at 7). Plaintiff further asserts that Defendants' alleged "interest taking" scheme is of a continuing nature because Defendants continue to make money from it and the secret scheme was inherently undiscoverable. *Id.* Plaintiff further contends that the statute of limitations is not applicable here because the "interest taking" was not pled in Plaintiff's previous motion to certify the class and the issues are not the same as those which the California state court decided. *Id.*

## II.

This is not Plaintiff's counsel's first attempt at a class action against Defendants. Plaintiff's counsel filed two class actions that asserted similar allegations. The first was filed in 1997 in *Binswanger v. Farmers New World Life Ins., Co.*, Travis County District Court Case No. 97-006707. (*See* Instrument No. 17-2). Plaintiffs in that case subsequently voluntarily dismissed the class action claims and proceeded in their individual capacities. (*See* Instrument No. 17-4 at

2). The second class action was filed in 2003 in *Fairbanks v. Farmers New World Life Ins., Co.*, Los Angeles Superior Court Case No. BC305603. (*See* Instrument No. 17-5). In the *Fairbanks* complaint, Plaintiffs made the same allegations of undisclosed interest taking as those in the case before this Court. (Instrument No. 17-5 at 16). The *Fairbanks* trial court ultimately denied class certification in that case twice, which the California appellate court also affirmed twice. *Fairbanks v. Farmers New World Life Ins. Co.*, 197 Cal. App. 4th 544, 566 (Cal. Ct. App. 2011) ("*Fairbanks I*"); *Fairbanks v. Farmers New World Life Ins. Co.*, 2016 WL 7131603 at *1 (Cal. Ct. App. Dec. 7, 2016) ("*Fairbanks II*"). Plaintiff now attempts to revive the claims by filing a new class action in Texas with a different putative class member as class representative.

The statute of limitations on all of Plaintiff's claims is no longer than four years. (*See* CAL. BUS. & PROF. CODE § 17208; TEX. BUS & COM. CODE 17.565; TEX. INS. CODE 541.162; *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th Cir. 1998) (two year statute of limitations on insurance claims in California where the gravamen of the complaint lies in tort)). Plaintiff's claims are for Defendants' alleged secret "interest taking" scheme that occurred more than twenty years ago. The alleged injury is not of a continuing nature. While commencement of a class action tolls the statute of limitations as to all purported members of the class, tolling applies for subsequent *individual* lawsuits and not subsequent class actions. *Salazar-Calderon v. Presidio Valley Farmers Ass'n*, 765 F.2d 1334, 1351 (5th Cir. 1985) ("Plaintiffs have no authority for their contention that putative class members may piggyback one class action onto another and thus toll the statute of limitations indefinitely, nor have we found any.")[1]; *Zachery v. Texaco Exploration & Prod., Inc.*, 185 F.R.D. 230, 242 (W.D. Tex. 1999) ("Several circuits have limited this decision with a 'no piggyback rule' which restricts tolling to subsequent individual lawsuits and not further class actions."); *Griffin v. Singletary*, 17

---

[1] Contrary to Plaintiff's assertion, *Salazar-Calderon* is still good law in the Fifth Circuit.

F.3d 356, 359 (6th Cir. 1994) ("plaintiffs may not 'piggyback one class action onto another,' and thereby engage in endless rounds of litigation in the district court and in this Court over the adequacy of successive named plaintiffs to serve as class representatives.") (citing *Salazar-Calderon*, 765 F.2d at 1351); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987). By Plaintiff's own admission, Plaintiff "would have had the right to opt out and file her own lawsuit if the class had been certified by the courts." (Instrument No. 19 at 7). Plaintiff's proposed class in *Fairbanks* covers the same dates, the same life insurance policies, and the same proposed class as in the case before this Court. (*See* Instruments No. 17-5 at 7-9; No. 14 at 7-8). The statute of limitations applies and Plaintiff cannot file the same case as a different class representative to circumvent the California court's previous denial of class certification.

Furthermore, the discovery rule does not warrant tolling of the statute of limitations. Plaintiff admits that Plaintiff's counsel brought the same class action claims of "interest taking" to the California court in *Fairbanks*, which was filed in 2003—more than ten years ago. (Instrument No. 19 at 8). Thus, there is no question that the issue of "interest taking" was discoverable. Plaintiff cannot now seek to toll the statute of limitations based on the theory that the cause of action was undiscoverable.

### III.

Plaintiff's Second Amended Complaint brings the aforementioned claims of "interest taking" collectively as well as individually. Defendant moves to dismiss Plaintiff's individual claims, arguing that they are time-barred and Plaintiff fails to state either of the claims asserted. (Instrument No. 17 at 15-16, 21-25).

Whenever a class action is filed, the running of a statute of limitations for "all asserted members of the class" is tolled. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974).

Tolling does not, however, continue indefinitely. *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 375 (5th Cir. 2013). "Under *American Pipe*, the statute of limitations for the putative class members resumes running when class certification is denied or when a certified class is decertified." *Id.* at 375. Putative class members must then either intervene in the action or proceed individually within whatever time remains of the limitations period. *Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315, 320 (5th Cir. 2014). The unsuccessful appeal of a denial of certification does not extend the tolling period. *Hall*, 727 F.3d at 376; *Taylor v. United Parcel Serv. Inc.*, 554 F.3d 510, 520-21 (5th Cir. 2008).

Here, the California court in *Fairbanks* denied Plaintiffs' initial motion for class certification on April 9, 2009. (Instrument No. 17-12 at 12). Tolling of the statute of limitations would not have resumed until after the California Court of Appeal issued its remittitur on November 2, 2011 in *Fairbanks I*. (Instrument No. 17-15 at 2). Between April 9, 2009 and November 2, 2011, there would have been no tolling. This amounts to 2 years, 6 months and 24 days.

The trial court in *Fairbanks* thereafter denied Plaintiffs' renewed motion for class certification on June 11, 2014, (Instrument No. 17-18 at 2), which the California Court of Appeal affirmed. *Fairbanks II*, 2016 WL 7131603 at *1. Plaintiff in the instant case filed her cause of action collectively and individually on April 26, 2017. (Instrument No. 1-2 at 2). This second period with no tolling between June 11, 2014 and April 26, 2017 amounts to 2 years, 10 months and 15 days. The two periods together amount to approximately 5 years and 5 months during which *Fairbanks* did not toll the statute of limitations, which is past the four-year statute of limitations on Plaintiff's claims. Because the discovery rule does not warrant tolling, Plaintiff's individual claims are barred by the statute of limitations.

5

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED. (Instrument No. 17).** Because Plaintiff's claims are dismissed, Plaintiff's Motion to Certify Class is **DENIED as moot (Instrument No. 33).**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 19th day of October, 2017, at Houston, Texas.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE